**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4955**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLTON BROWN,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Deborah K. Chasanow, District Judge. (CR-03-0538)

---

Submitted:  October 21, 2005          Decided:  November 16, 2005

---

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

Warren E. Gorman, Chevy Chase, Maryland, for Appellant. Allen F. Loucks, United States Attorney, Deborah A. Johnston, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carlton Brown appeals from his conviction and 262-month sentence entered pursuant to his guilty plea to conspiracy to distribute crack cocaine. On appeal, he challenges the district court's denial of his motion to withdraw his guilty plea. He also attempts to raise claims under Blakely v. Washington, 542 U.S. 296 (2005). We affirm Brown's conviction and dismiss his appeal of his sentence, as he waived the right to challenge his sentence in his plea agreement.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. The central question is whether the Fed. R. Crim. P. 11 hearing was properly conducted. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

We hold that the district court did not abuse its discretion in denying Brown's motion to withdraw his guilty plea.

The record clearly reveals that Brown voluntarily chose to plead guilty and that he understood the consequences of doing so. While Brown relies on the fact that Blakely had not issued at the time of his plea, a post-plea change in the law regarding applicable sentences does not provide a valid basis for withdrawing from an otherwise valid plea. See United States v. Johnson, 410 F.3d 137, 152-53 (4th Cir.), cert. denied, 2005 WL 2494147 (U.S. Oct. 11, 2005) (No. 05-6215). Thus, we hold that the district court did not abuse its discretion in denying Brown's motion to withdraw his guilty plea.

Turning to Brown's challenges to his sentence, Brown waived the right to appeal his sentence in his plea agreement, reserving only the right to appeal from an upward or downward departure. A defendant may, in a valid plea agreement, waive the right to appeal. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether a defendant has effectively waived the right to appeal is an issue of law we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appeal waiver is valid if the defendant knowingly and intelligently agreed to waive his right to appeal. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

Our review of the record reveals that the district court conducted an adequate Rule 11 plea colloquy. The court questioned Brown regarding the appeal waiver, and he stated that he

understood. Brown presents no basis to suggest that the appeal waiver was not knowingly and intelligently made. Moreover, the subsequent issuance of <u>Blakely</u> and its progeny does not invalidate an otherwise valid waiver. <u>Id.</u> at 173 (upholding waiver, because Blick was sentenced under the guidelines, in accordance with his agreement and his expectations). Accordingly, Brown's attempts to challenge his sentence on appeal are foreclosed by the waiver provisions in his plea agreement.

Based on the foregoing, we affirm Brown's conviction. We dismiss his appeal from his sentence based on his waiver. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>